UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

F. STEVEN KIRK and
DBS PLANNING CONSULTANTS,     COMPLAINT

           Plaintiffs,     Demand for Jury Trial

  -against-     Civil Case No.: _____

NEW YORK STATE OFFICE OF COMMUNITY
RENEWAL and JOSEPH RABITO, individually
and in his official capacity,

           Defendants.

Plaintiffs, F. Steven Kirk and DBS Planning Consultants, Inc., by and through their attorneys, Donohue, Sabo, Varley & Huttner, LLP, hereby allege as follows:

### PARTIES, JURISDICTION AND VENUE

**1.** This action is brought pursuant to 42 U.S.C. § 1983 and the common law of the State of New York.

**2.**     This court has jurisdiction over this matter under 28 U.S.C. §1331.

**3.**     This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiff's claims under the common law of the State of New York.

**4.**     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (2).

**5.**     Plaintiff F. Steven Kirk ("Kirk") is a resident of the Town of North Greenbush, County of Rensselaer and State of New York.

**6.**     Plaintiff DBS Planning Consultants, Inc ("DBS") is a corporation duly organized and existing pursuant to the laws of the State of New York.

7.  Defendant, New York State Office of Community Renewal ("OCR") is, upon information and belief, a public benefit corporation.

8.  The main office of OCR is located at 38-40 State Street, 9th Floor, Albany, New York.

9.  Defendant OCR is charged with administering the federal Community Development Block Grant (CDBG) program in the State of New York.

10. Upon information and belief, defendant, Joseph Rabito ("Rabito"), is a resident of the County of Albany, State of New York.

11. At all times relevant, Defendant Rabito was the Deputy Commissioner of the NYS Division of Housing and Community Renewal and President of the Office of Community Renewal.

12. Rabito is sued individually and in his official capacity.

## FACTS

13. Plaintiff DBS is a corporation that specializes in providing services for the planning and community and economic development needs of small municipalities in upstate New York.

14. Plaintiff DBS was formed in 1987 and has been in business continuously since that time.

15. Prior to March 2007, plaintiff DBS had been routinely successful in obtaining and managing community development projects for municipal and not-for-profit clients funded through the CDBG program.

16. In approximately March 2007, defendant Rabito was appointed Deputy Commissioner of the NYS Division of Housing and Community Renewal and President of the Office of Community Renewal.

17. Plaintiff Kirk is an owner and principal of DBS.

18. Plaintiff Kirk is a registered member of the republican Party.

19. Defendant Rabito, upon information and belief, is a member of the Democratic party.

20. Since March 2007 defendants have taken various adverse actions directed against plaintiffs.

21. These actions include, but are not limited to, denying applications for CDBG grants by clients of the plaintiffs, causing the Greene County IDA to terminate its contract with plaintiffs, subjecting the plaintiff's planning and administrative activities to excessive and unwarranted scrutiny and causing the Village of Athens to not to use plaintiffs services with respect to the ELCO project.

22. The defendants have generally blackballed plaintiffs and have taken actions to prevent their involvement in the CDBG program either as grant application writers or project administrators.

## AS AND FOR FIRST CAUSE OF ACTION AGAINST DEFENDANTS PURSUANT TO 42 U.S.C. 1983

23. Plaintiff hereby repeats and realleges paragraphs 1 through 22 as if separately stated hereinafter.

24. The defendants have blackballed plaintiffs from participation in the CDBG program and otherwise have subjected plaintiffs to adverse actions because of the plaintiff Kirk's political affiliation.

25. Such actions constitute an illegal interference with plaintiffs' rights of association guaranteed under the First Amendment of the Federal Constitution.

26. Such actions constitute a denial of the plaintiffs' rights of equal protection under the law.

27. Plaintiffs have been damaged in that they have lost their primary source of income and have been prevented from pursuing their livelihood and have suffered sever financial losses due to the actions of the defendants.

28. Plaintiffs request relief as provided for in the Prayer for Relief below.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS PURSUANT TO 42 U.S.C. §1983

29. Plaintiffs hereby repeat and reallege paragraphs 1 through 28 as if separately stated hereinafter.

30. In administering the CDBG program defendants are required to comply with federal rules and regulations regarding procurement and have promulgated their own procurement standards in compliance with federal regulations.

31. The actions of the defendants violate both their own procurement standards and standards set out in federal regulations that relate to the CDBG program, which require

that consultants be selected on merit and which provide procedures for contractors to be barred from participating in CDBG programs.

32. Applicable CDBG procurement standards do not allow the political afflation of a consultant to be considered in determining whether a consultant may participate on the CDBG program.

33. Applicable CDBG procurement standards do not allow a consultant's involvement in the CDBG program to be based on personal animus or prejudices of the officials administering the program.

34. Plaintiffs have been effectively barred from participating as consultants developing CDBG proposals or administering CDBG projects without any accusations of wrongdoing or any hearing or finding of improper conduct.

35. Plaintiffs have been denied due process by being blackballed from participation in the CDBG program based on the political affiliation of plaintiff Steven Kirk.

36. Plaintiffs have been denied due process by being blackballed from participation in the CDBG program in an entirely arbitrary fashion and without any finding of incompetence or wrongdoing.

37. Plaintiffs have been damaged in that they have lost their primary source of income and have been prevented from pursuing their livelihood by the actions of the defendants.

38. Plaintiffs request relief as provided for in the Prayer for Relief below.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT RABITO UNDER STATE LAW

39.     Plaintiffs hereby repeat and reallege paragraphs 1 through 38 as if separately stated hereinafter.

40.     The actions of defendant Rabito constitute tortious interfere with the plaintiff's contractual relationships.

41.     Plaintiffs have been damaged in that they have lost their primary source of income and have been prevented from pursuing their livelihood by the actions of the defendants.

42.     Plaintiffs request relief as provided for in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendants as follows:

1.      Enjoining defendants from continuing to bar them from participation in the CDBG program;

2.      Awarding plaintiffs compensatory damages for financial losses incurred and, as to plaintiff Kirk, for past and future emotional pain and suffering and mental injuries incurred as a result of the discrimination against him as alleged in this Complaint, pursuant to and within the statutory limitations of §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, insofar as applicable.

3.      Awarding plaintiffs the reasonable costs and disbursements of this action, including attorneys' fees.

**4.**    Awarding plaintiffs such additional relief as justice may require.

**5.**    Awarding plaintiffs punitive damages.

Dated: January 29, 2010
        Albany, New York

DONOHUE, SABO, VARLEY & HUTTNER, LLP

By: _____
Kenneth G. Varley, Esq.
Bar Roll No.:  102761
Attorneys for Plaintiff
24 Aviation Road, P.O. Box 15056
Albany, New York 12212-5056
(518) 458-8922